# STATE OF MICHIGAN

# COURT OF APPEALS

VITEC, LLC,

       Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY,

       Defendant-Appellant.

UNPUBLISHED
April 7, 2016

No. 324330
Court of Claims
LC Nos. 13-000027-MT
             13-000128-MT

Before: HOEKSTRA, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff filed the present lawsuit in the Court of Claims, asserting that defendant improperly denied plaintiff's requests for a refund of unused brownfield redevelopment tax credits under MCL 208.1437(18) of the former Michigan Business Tax Act (MBTA), MCL 208.1101 *et seq.*[1] The Court of Claims denied defendant's motion for summary disposition and granted summary disposition in plaintiff's favor under MCR 2.116(C)(10), agreeing with plaintiff that MCL 208.1437(18) entitled plaintiff to a refund of unused brownfield redevelopment credits carried over to the MBTA from the former Single Business Tax Act (SBTA), MCL 208.1 *et seq.*[2] Defendant now appeals as of right. Because MCL 208.1437(18) entitles plaintiff to a refund of the credit at issue, we affirm.

In December of 2004, the Michigan Economic Growth Authority provided plaintiff with a certificate of completion for a $1,000,000 brownfield redevelopment tax credit under MCL 208.38g of the SBTA, former 1975 PA 228. Plaintiff claimed the credit on its SBTA returns from 2004 to 2007, and carried forward the unused remainder. After the repeal of the SBTA, plaintiff continued to claim its brownfield redevelopment tax credit on its MBTA returns from 2008 through 2010 as permitted by MCL 208.1437(18), which states in part that:

---

[1] The MBTA was repealed by 2011 PA 39, and replaced with the Corporate Income Tax Act, MCL 206.601 *et seq.*, effective January 1, 2012. See 2011 PA 38.

[2] Effective December 31, 2007, the SBTA was repealed by 2006 PA 325. The SBTA was replaced by the now-former MBTA, effective January 1, 2008. See 2007 PA 36.

-1-

A credit carryforward available under section 38g of former 1975 PA 228 that is unused at the end of the last tax year may be claimed against the tax imposed under this act for the years the carryforward would have been available under former 1975 PA 228.

In 2011, plaintiff still had unused brownfield redevelopment credits and, on its 2011 return, plaintiff used these brownfield carryforward credits to offset its tax liability for the 2011 tax year. However, the total amount of plaintiff's unused brownfield credits exceeded plaintiff's liability for the 2011 tax year. Consequently, plaintiff sought to receive a refund of 85% of this excess credit under MCL 208.1437(18), which states in part that:

> Beginning on and after April 8, 2008, if *the credit allowed under this section* for the tax year exceeds the qualified taxpayer's tax liability for the tax year, the qualified taxpayer may elect to have the excess refunded at a rate equal to 85% of that portion of the credit that exceeds the tax liability of the qualified taxpayer for the tax year and forgo the remaining 15% of the credit and any carryforward. [Emphasis added.]

Defendant denied plaintiff's refund request, and informed plaintiff that brownfield credit carried forward from the SBTA could be used to "offset the current tax liability" but that it could not be paid out as a refund under MCL 208.1437(18).

Following this denial, plaintiff filed suit in the Court of Claims, and the parties later filed cross motions for summary disposition. The Court of Claims denied defendant's motion for summary disposition and granted summary disposition to plaintiff under MCR 2.116(C)(10). The court concluded that MCL 208.1437(18) allows for a refund of *all* credits contained in any subsection of MCL 208.1437, including any brownfield credit carried over from the SBTA. Because plaintiff had unused brownfield credit, the Court of Claims concluded that plaintiff could elect to receive a refund of 85% of these excess credits on its 2011 return.[3] The Court of Claims calculated this 85% refund at a total of $654,853. Defendant now appeals as of right.

On appeal, defendant argues that the Court of Claims erred by granting summary disposition in plaintiff's favor because MCL 208.1437(18) does not authorize a refund of brownfield credit carried forward from the SBTA. In particular, defendant maintains that, under MCL 208.1437(18), brownfield credit under the SBTA may be carried forward and used to offset tax liability in future tax years, but it cannot be refunded because it does not constitute "the credit allowed under this section" and only "the credit allowed under this section" is refundable under

---

[3] While this suit was pending before the Court of Claims, plaintiff filed an amended SBTA return for the 2007 tax year, requesting a refund of brownfield credit in the amount of $770,414. Defendant denied this request, and again informed plaintiff that brownfield credit under the SBTA could not be refunded and could only be used to offset tax liability. Following this denial, plaintiff filed a second suit in the Court of Claims, and the cases were consolidated. Ultimately, given its conclusion that plaintiff could elect to receive a refund for the 2011 tax year, the Court of Claims declined to consider plaintiff's efforts to amend its 2007 return.

MCL 208.1437(18). In addition, more generally, defendant contends that, under MCL 208.1437(18), a refund may only be had in the year the credit originates, which in this case was 2004, meaning that plaintiff could not claim a refund in 2011.

These precise issues were recently resolved by this Court in *Hudsonville Creamery and Ice Cream Company, LLC v Dep't of Treasury*, __ Mich __; __ NW2d __ (2016) (Docket No. 322968). Similar to the present facts, in *Hudsonville*, the taxpayer had unused brownfield redevelopment credit awarded in 2005, which the taxpayer carried forward from the SBTA to the MBTA. *Id.*, slip op at 1. In 2008, the taxpayer requested a refund of 85% of its unused brownfield credits originating under the SBTA, but this refund request was denied by defendant. *Id.*, slip op at 1-3. The central issue on appeal was exactly the issue presented in this case—namely, whether a carryforward of brownfield redevelopment credit that originated under the SBTA falls within the phrase "the credit allowed under this section" such that it may be refunded pursuant to MCL 208.1437(18). See *Hudsonville*, slip op at 5. Engaging in statutory interpretation, this Court held that a carryforward of credit from the SBTA is "without limitation, a credit" and, in particular, it is encompassed by the phrase "the credit allowed under this section" as used in MCL 208.1437(18), such that it is refundable. *Hudsonville*, slip op at 5-8. Given its conclusion that SBTA brownfield credit carried forward from previous years may be refunded under MCL 208.1437(18), this Court concluded that the taxpayer in *Hudsonville* was entitled to elect a refund under MCL 208.1437(18) for the 2008 tax year. *Hudsonville*, slip op at 7-8.

The facts and issues in *Hudsonville* are, in all significant respects, identical to those presented in this case, and thus, as a published opinion of this Court, *Hudsonville* controls the resolution of this case. MCR 7.215(C)(2); MCR 7.215(J)(1). Consequently, because plaintiff's unused brownfield rehabilitation credit carried forward from the SBTA exceeded plaintiff's liability for the 2011 tax year, plaintiff could elect an 85% refund of this excess under MCL 208.1437(18). See *Hudsonville*, slip op at 6-8. Because plaintiff was entitled to a refund under MCL 208.1437(18), the Court of Claims properly granted plaintiff's motion for summary disposition and denied defendant's motion for summary disposition.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

-3-